White, J.
We are of opinion that the district court erred in reversing the judgment of the court of common pleas. *The evidence tended to show nothing more as to the character of the undertaking of the defendant than that he was employed, under a retainer, to treat professionally the injured arm and. shoulder of the plaintiff, Jane.
By accepting the retainer, he bound himself to bring to the performance of his undertaking a reasonable degree of care and skill; but in the absence of a special agreement to do so, he did not undertake to perform a cure. Nor can negligence be implied from the failure of the defendant to effect a cure. Such failure may have arisen from the age and constitution of the patient, or from, the inherent difficulties growing out of the nature of the injury, which may have been such as to baffle the highest degree of skill and care. The evidence did not tend to show, nor did the instruction asked imply, that the failure to cure was attributable to-the alleged negligence.
Omitting, therefore, from the instruction asked, the qualification contained in it of the defendant’s failure to cure the plaintiff, and it was substantially this: That if the defendant, in the management and treatment of the case, did not exercise ordinary care and skill, the plaintiffs were entitled to recover, unless it appeared from the-proof that the plaintiff had suffered no damage from the want of' such care and skill.
The evidence tended to show no specific fact of negligence, from the nature of which injury to the patient might be inferred.
The terms in which negligence is imputed to the defendant in the • instructions asked, are used in a very general and indefinite sense, and have reference to and include the want of ordinary skill and -care in matters which cause no injury, as well as in matters which do cause such injury. This is apparent from the connection that is-supposed to exist between the right to recover, and the last clause of the instruction which would defeat a recovery, if it apjieared. •that no damage was suffered. The meaning of the instruction evidently is, that notwithstanding negligence of the kind spoken of may exist, yet if it appear affirmatively that the plaintiff suffered.. *241 no injury, there can be no recovery; but if it do not so appear, the plaintiff ought to recover.
The real question therefore is, on whom is the burden of proof *as respects the existence or non-existence of the injury complained of?
We think it rests on the plaintiff, not, of course, to prove the fact beyond a reasonable doubt, but by a preponderance of evidence-arising either from the nature of the negligent act or omission, or-made to appear otherwise, as may be warranted by the nature of the case.
This results from the nature of the plaintiff’s demand. Her action is founded on the breach, by the defendant, of the duty which he owed her, or of the contract to be implied between them arising-from the employment. But the implied liability on the part of a professional man, in our opinion, goes no further than that he will indemnify his employer against any injurious consequences resulting from his want of proper skill, care, or diligence in the execution of his employment. Therefore, where there is no injury, there is no breach; and the evidence must warrant the jury in inferring injury before they can find a breach.
And this conclusion we believe to be supported by the authorities.
In 1 Saund. on Plead, and Ev. (side p. 267), it is said: “The-plaintiff must show that the injury sustained resulted from the negligence of the defendant.”
In Hancke v. Hooper (7 Car. & P. 81), which was an action against a surgeon for negligence, Tindal, C. J., said: “A surgeon is. responsible for an injury done to a patient through the want of proper skill in his apprentice; but in an action against him, the plaintiff must show that the injury was produced by such want of skill, and it.is not to be inferred.”
And in Lanphier and wife v. Phipas (8 Car. & P. 475), which, was an action of like character, the same judge uses this language in reference to the defendant’s liability: “ He undertakes to bring to. the exercise of his profession a fair, reasonable, and competent degree of skill; and in an action against him by a patient, the question for the jury is, whether the injury complained of must be referred to the want of a proper degree of skill and care in the defendant or not.”
It is true that every injury imports at least nominal damage-
*242 But an injury is not presumed, and must be proved. *It is also true that where an injury is shown, prima facie, to be referable to the want of the proper degree of skill or care, if due skill and care would have been ineffectual, the defendant must show it. But in the present case, as before remarked, the evidence tended to prove no fact of negligence or want of skill from which injury might be inferred; nor does it appear that the evidence tended to prove an injury, from the nature of which either negligence or the want of the proper degree of skill could be inferred.
It does not apj>ear that any question was made, in the instructions of the court to the jury, as to what would constitute an injury to the plaintiff in a case like the present; and, if specific instructions were asked on the subject, it is to be presumed that they were given correctly. But, in view of one part of the argument of the counsel ■of the defendant in error, it is proper to say, that we suppose that •any want of the proper degree of skill or care which diminishes the chances of the patient’s recovery, prolongs his illness, increases his •suffering, or, in short, makes his condition worse than it would have been if due skill and care had been used, would, in a legal sense, constitute injury.
The remaining question is, whether the judgment of the district court can be reviewed, on error, while the cause is pending in the ■court of common pleas, to which it was remanded for retrial by the district court.
The counsel of the defendant in error claims that it can not. This question, however, has already been decided in the affirmative, at the present term, in Schaeffer et al. v. Marienthal et al.†
We find no error in the refusal to charge as asked, nor in the charge as given.
The judgment of the district court will be reversed, and that of the common pleas affirmed.
Day, C. J., and Welch, Brinkerhoee, and Scott, JJ., concurred.

 Ante, 183.